## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
December 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DOTTIE STROUD,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1019** (BOR Appeal No. 2048127)
(Claim No. 2012012926)

**CITY LINEN & TOWEL SERVICE, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Dottie Stroud, by Edwin H. Pancake, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City Linen & Towel Service, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 5, 2013, in which the Board affirmed a January 24, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 18, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Stroud, a general clerk, alleges that she developed a rotator cuff tear in the course of her employment as a result of repetitive lifting and reaching. A September 14, 2011, treatment note by Terrence Triplett, M.D., indicates Ms. Stroud had osteoarthritis in her shoulder. She reported that she developed shoulder pain gradually over several weeks. She stated that she did not injure her shoulder. The shoulder was frozen and Dr. Triplett stated that it was a long-standing problem. He referred her to Stanley Tao, M.D. Dr. Tao diagnosed a rotator cuff sprain/strain/tear, impingement syndrome, and muscle sprain.

1

Ms. Stroud testified in a deposition on September 25, 2012, that her job duties include reaching for bundles of linens on shelves. The bundles weigh up to approximately twenty-two pounds. She is right handed and therefore mainly used her right arm. The amount of times she has to retrieve bundles of linens from the shelves varies. Some days she fills five to ten orders and others she has no orders. She started filling linen orders approximately five years ago. She had no prior shoulder injuries. She stated that there was no specific injury to her shoulder. The pain did not gradually develop but started suddenly in July of 2011.

William Hoh, M.D., performed an independent medical evaluation on November 12, 2011. He stated that complete rotator cuff tears can occur in elderly people with no evidence of trauma due to microtrauma over years. Given the lack of injury and Ms. Stroud's age, he opined that the rotator cuff tear was more likely than not unrelated to her work. Prasadarao Mukkamala, M.D., concurred in an October 24, 2012, record review. He concluded that pulling linens from shelves zero to ten times a day would not be considered repetitive activity because activity that occurs zero to thirty-three percent of the day is considered to be occasional. Ms. Stroud's shoulder injury was found to most likely be degenerative in nature. He found no reliable evidence in the record to show that she had an occupational disease or injury.

The claims administrator rejected the claim on November 18, 2011. The Office of Judges affirmed the decision in its January 24, 2013, Order. The Office of Judges found that Ms. Stroud's job duties did not require repetitive overhead lifting. She testified that she was required to retrieve linens zero to ten times a day. Dr. Mukkamala found that this did not constitute repetitive activity but was instead occasional activity. Dr. Hoh opined that Ms. Stroud's rotator cuff tear was, more likely than not, caused by aging. The Office of Judges found that she was seventy-one years old and only performed occasional reaching and lifting. This did not meet the definition of a repetitive-type work environment. Dr. Tao's conclusion that Ms. Stroud developed an occupational disease due to repetitive movement was determined to be inconsistent with her testimony which indicated that she only performed occasional lifting and reaching. Significant weight was given to the findings of Drs. Hoh and Mukkamala. The Office of Judges concluded that Ms. Stroud's evidence failed to establish a direct causal connection between her work conditions and her rotator cuff tear. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 5, 2013, decision.

On appeal, Ms. Stroud asserts that her rotator cuff tear developed gradually as a result of her work duties. City Linen & Towel Service, Inc., asserts that Ms. Stroud's job only required occasional lifting and reaching and did not result in a rotator cuff tear. It instead argues that the injury is the result of age-related changes. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Ms. Stroud has failed to show that she developed a rotator cuff tear in the course of and resulting from her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II